UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAMON CERVANTES GALVAN
(A-Number: 218-147-879),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-03421-KES-HBK (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN FOURTEEN (14)
DAYS

Doc. 1

Petitioner Ramon Cervantes Galvan is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Doc. 1.  Petitioner challenges his re-detention and raises a due process claim that this Court has previously addressed.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's

1

prior orders and that would justify denying the petition.  Doc. 7.  While respondents do not raise new legal arguments, they argue that this case is distinguishable.  Doc. 8.  Respondents state: "[O]n March 16, 2026, Petitioner was arrested for violating a protective order.  As such, immigration authorities cancelled Petitioner's release on bond and detained him for his removal proceedings."  *Id.* at 2 (citation omitted).  But respondents do not argue that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c), and they do not dispute that *after* the alleged release violations, petitioner reported as requested for a scheduled check-in at an ICE office, where ICE detained him.[1]  *See* Doc. 8-1 at 2.  While the arrest and alleged violations may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to a such determination. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to provide petitioner Ramon Cervantes Galvan (A-Number: 218-147-879) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the

---

[1] The record reflects a date of February 21, 2026, for this check-in, which appears to be at odds with the surrounding record evidence indicating the check-in occurred on March 21, 2026.  *See* Doc. 8-1.

2

community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.[2]

The Clerk of Court is directed to terminate pending matters, close this case, and enter judgment for petitioner.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    June 2, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3